## C. F. BALLY, Limited, v. QUAKER CITY CORPORATION.

(District Court, E. D. Pennsylvania. March 18, 1921.)

No. 6560.

Principal and agent ⊕103 (9)—Signing of order by salesman not an acceptance, creating a "contract of sale."

An order for merchandise, given by plaintiff and signed by one as salesman for defendant, *held* not to constitute a "contract of sale."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contract of Sale.]

At law. Action by C. F. Bally, Limited, against the Quaker City Corporation. Finding for defendant. On motion for new trial. Denied.

John Cadwalader, Jr., and A. M. Beitler, both of Philadelphia, Pa., for plaintiff.

Conlen, Brinton & Acker, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The sole question arising upon this motion is whether the paper writing, designated a "sales order," upon which the plaintiff declared, is a contract. After a thorough and a painstaking examination of the authorities cited by counsel, and both sides have shown commendable industry in gathering together the cases upon the subject, I am still of the opinion that the paper in question does not constitute a contract of sale between the parties.

The question is not whether it is sufficient under the statute of frauds to support an action, if there were parol or other evidence to show acceptance by the defendant. It cannot be said that the order was accepted because Hunneman had authority to bind the defendant. There is nothing on the paper, nor in the evidence, to show that when he signed the paper he was exercising that authority. He signed as "salesman."

The paper on its face is a mere order, which, in the absence of acceptance, does not constitute a contract. There are many cases holding that a memorandum to the effect that some commodity has been "sold" to a purchaser, signed by one authorized to sign it, constitutes a contract of sale; also many cases where, upon an order being given

and there being circumstances indicating acceptance by the vendor, it is held upon acceptance the contract is complete, and either party may sue thereon.

I fail to discover among the authorities cited any well-reasoned case in which a paper such as the one in question has been held to be a contract. The common law is the result of a development in which custom and practice among merchants play an important part. It may be that in time authorities carrying weight will determine that, when one acting as a salesman and having authority to accept an order, signs it as salesman, a binding contract has been entered into between the parties.

I must decline, however, to take such advanced ground, unsustained by authority, inconsistent with settled ideas of what constitutes a contract, and with the probability of establishing a dangerous doctrine, by which merchants sending out drummers to take orders will be trapped into incurring liability without having the intention of binding themselves by an acceptance of the orders.

Seeing no reason for reconsidering the conclusions reached at the trial, the motion for a new trial is denied.